## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **RYAN ANTHONY GREER,** | § | |
| **(TDCJ No. 02263178)** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-1017-P** |
| | § | |
| **LARRY FOWLER, Sheriff,** | § | |
| **Parker County, Texas, Et Al. ,** | § | |
| | § | |
| **Defendants.** | § | |

## OPINION AND ORDER OF PARTIAL DISMISSAL
## UNDER 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Ryan Anthony Greer's ("Greer") claims under the screening provisions of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Having reviewed and screened the claims against all defendants as asserted in the complaint, the Court concludes that Greer's claim against several defendants must be dismissed under the authority of these provisions but he may obtain service of his claim against one remaining defendant.

## BACKGROUND

Greer initiated this suit by filing a form complaint with attachment pages. Complaint 1, ECF No. 1. Although Greer lists Parker County Sheriff Larry Fowler in the style of the complaint, in the section of the complaint for listing defendants, Greer did not list Sheriff Fowler, but did list three other Parker County Jail officials —Lieutenant Gibson, Sergeant Benavides, and Captain Harris. Complaint 3, ECF No. 1. Greer alleges that these three officers

assaulted him after he had complained to another officer and had "knocked on the window multiple times" after not receiving a chance to call his wife regarding the death of his uncle. *Id*. at 6. He alleges that during a "takedown" and placement of handcuffs, Captain Harris struck his head with his knee causing him to lose blood and sustain headaches. *Id.* at 6-7. He seeks for the defendants to be reprimanded and he seeks "restitution." *Id.* at 4.      The Court directed Greer to file a more definite statement to answer the Court's questions about his claims, and Greer timely complied. Order, ECF No. 12; More Definite Statement ("MDS"), ECF No. 13. In response to the Court's inquiry, Greer acknowledged that Sergeant Benavides and Lieutenant Gibson each "did nothing other than moving me to the floor and placed handcuffs on me." MDS 1, ECF No. 13.  He also informed the Court that his claim against Sheriff Fowler was not based upon any personal involvement by Fowler, but only due to his role as the "superior officer." MDS  2, ECF No. 13.

### LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Greer is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Greer is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and 1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

### A.    Failure to State a Claim Upon Which Relief May be Granted

(i)    Sheriff Fowler-No *Respondeat Superior*–Lack of Facts of Personal Involvement

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *See Murphy v. Kellar,* 950 F.2d 290,

292 (5th Cir. 1992)("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant"); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986) ("In order to successfully plead a cause of action in § 1983 cases, plaintiffs must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged"). Greer did not state any personal involvement of Sheriff Fowler in the complaint. In response to the Court's question in the order for a more definite statement, Greer wrote: Sheriff Larry Fowler's involvement is not based on his direct involvement with the assault/malicious act, but with his association with the other defendants in being their 'Standard Operating Procedures' during their day-today activities and responsibilities." MDS 2, ECF No. 13.

Thus, Greer has named Sheriff Fowler on a claim that he was responsible for the subordinate officers. But, to the extent Greer has named Fowler as responsible for the actions of subordinate officers under a theory of vicarious responsibility or *respondeat superior,* such a claim alone is insufficient to state a claim under § 1983. *See Ashcroft,* 556 U.S. at 676 (2009) (citing *Monell v. New York Dep. of Social Servs.*, 436 U.S. 658, 691 (1978)); *see also Bell v. Livingston*, 356 F. App'x 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  As Greer alleges no personal involvement by Sheriff Fowler, Greer's claim against Fowler must be dismissed.

(ii)     Lieutenant Gibson and Sergeant Benavides did not Employ Excessive Force.

Greer seeks relief under § 1983 on the basis that the remaining defendants used excessive force against him while he was apparently a pretrial detainee in the Parker County

Jail. As a pretrial detainee at the time of the events made the basis of this case, Greer's rights flow from the procedural and substantive guarantees of the Fourteenth Amendment. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (noting that an excessive-force claim by a pretrial detainee is governed by the Due Process Clause rather than the Eighth Amendment) (*citing Valencia v. Wiggins*, 981 F.3d 1440 (5th Cir. 1993). The Supreme Court has recently recognized "that a pretrial detainee must show only that the force purposefully and knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (abrogating lower courts' application of Eighth Amendment excessive force standards in *Hudson v. McMillian*, 503 U.S. 1 (1992) to pretrial detainees). "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The reasonableness of the force used must be assessed "from the perspective and with the knowledge of the defendant officer" and with "deference to policies and practices needed to maintain order and institutional security." *Id.* at 2474. Importantly, to state a claim of excessive force under *Kingsley*, a pretrial detainee must show that the physical act of which he complains, *i.e.*, the actual force applied, was intentional, not accidental or negligent:

> That is because, as [the Supreme Court has] stated, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (emphasis added); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property."). Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail

-5-

on an excessive force claim. But if the use of force is deliberate—i.e., purposeful or knowing—the pretrial detainee's claim may proceed.

*Id.* at 2472 (citations modified).

In his complaint, Greer claims that Lieutenant Gibson and Sergeant Benavides "[took] me to the ground and put me in handcuffs." Complaint 3, ECF No. 1. In the order for more definite statement, the Court asked Greer to provide any additional information if Gibson or Benavides took action other than moving him to the floor and placing handcuffs on him. Order 3, ECF No. 12. In response, as to each of these defendants, Greer answered that they had done nothing other than move him to the floor and place him in handcuffs. MDS 1, ECF No. 13. Such conduct does not meet the requisite standards described above. As the only complained of conduct by Benavides and Gibson was an objectively reasonable effort to control the situation, Greer has failed to state a claim that either of these defendants used excessive force under the Fourteenth Amendment. Such claims must be dismissed.

### SERVICE OF REMAINING CLAIMS

The primary focus of Greer's complaint against the remaining defendant Captain Harris is that he employed force again him after he was taken to the floor and handcuffed by the other officers. Greer has alleged facts against Captain Harris that could form an arguable claim for relief on the basis of an excessive force claim under 42 U.S.C. §1983. Thus, the Court will allow service of Greer's claims against the remaining defendant, Captain Harris through the assistance of the officers of the Court under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See Rochon v. Dawson*, 828 F.2d 1107, 1109-1110 (5th Cir.

1987).[1]

## CONCLUSION and ORDER

It is therefore **ORDERED** that plaintiff Ryan Anthony Greer's claims against Sheriff Fowler, Sergeant Benavides and Lieutenant Gibson are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **27th day** of **May, 2020.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] By separate order issued this same day, the Court will authorize service of process of Greer's claims against Captain Harris.