UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RYAN ANTHONY GREER**
**(TDCJ NO. 02263178),**

　Plaintiff,

v.                                                                                        No. 4:19-cv-1017-P

**LARRY FOWLER, SHERIFF, PARKER**
**COUNTY, TEXAS ET AL.,**

　Defendants.

### MEMORANDUM OPINION & ORDER

　This case is before the Court for review of pro-se inmate/plaintiff Ryan Anthony Greer's ("Greer") remaining claims against Parker County Jail Assistant Warden John Harris ("Harris"). Harris filed a motion to dismiss and motion for summary judgment, along with a brief and appendix in support. Mot. Summ. J.1-22, ECF Nos. 32-33. Greer timely filed a document the Court construed as a response to the summary judgment motion (ECF No. 34), and Harris filed a reply. ECF No. 44. Relatedly, Greer has filed a post-summary-judgment Motion for Leave to File an Amended Complaint. Mot. Leave Am. Compl. 1-9, ECF No. 35. Harris filed a response to the motion for leave to amend. ECF No. 45. After review and consideration of Harris's motion for summary judgment and brief, appendix, the motion for leave to amend, all briefing, and applicable law, the Court concludes that Greer's Motion for Summary Judgment will be **GRANTED**, and Harris's Motion for Leave to Amend will be **DENIED**.

### FACTUAL & PROCEDURAL BACKGROUND

　Greer initiated this suit by filing a form civil complaint with attachment pages. Compl.1, ECF No. 1. Greer also sought, and was granted, the right to proceed *in forma pauperis*. ECF Nos. 2, 11. Although Greer listed Parker County Sheriff Larry Fowler in the style

of his complaint, in the section of the complaint for listing defendants, Greer did not list Sheriff Fowler, but did list three other Parker County Jail officials—Lieutenant Gibson, Sergeant Benavides, and Harris. Compl. 3, ECF No. 1. Greer claimed that these three officers assaulted him after he had complained to another officer and had "knocked on the window multiple times" after not receiving a chance to call his wife regarding the death of his uncle. *Id.* at 6. He alleges that during a "takedown" and placement of handcuffs, Harris struck his head with his knee causing him to lose blood and sustain headaches. *Id.* at 6-7. Greer sought for the defendants to be reprimanded and "restitution." *Id.* at 4.

The Court directed Greer to file a more definite statement to answer questions about his claims, and Greer timely complied. Order, ECF No. 12; More Definite Statement ("MDS"), ECF No. 13. In response to the Court's inquiry, Greer acknowledged that Sergeant Benavides and Lieutenant Gibson each "did nothing other than moving me to the floor and placed handcuffs on me." MDS 1, ECF No. 13. He also informed the Court that his claim against Sheriff Fowler was not based upon any personal involvement by Fowler, but only due to his role as the "superior officer." MDS 2, ECF No. 13.

After review of these claims, the Court issued an Opinion and Order of Partial Dismissal of all Greer's claims under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) against Sheriff Larry Fowler, Sergeant Benavides, and Lieutenant Gibson, but allowed Greer to obtain service of process on defendant John Harris. Op. and Order 1-7, ECF No. 14; Order Regarding Completion and Service of Summons 1-2, ECF No. 16. Upon his initial appearance, Harris, through counsel, sought to dismiss the case under Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). The Court denied the motions challenging sufficiency of service, but asked Harris to waive insufficiency of service, which he later did, and the Court also denied Harris's initial 12(b)(6) motion without prejudice. Order Resolving Mot. to Dismiss 1-7, ECF No. 30. Harris then re-filed the instant motion to dismiss under Rule 12(b)(6), but also separately moved for summary judgment on the basis that Greer had not exhausted his administrative remedies. Because Greer's complaint must be dismissed based on lack or exhaustion, the Court will not reach Harris's alternative motion to dismiss.

2

## SUMMARY JUDGMENT EVIDENCE

As noted, Defendant Harris filed an appendix in support of the motion for summary judgment that includes 17 pages of records. ECF No. 33. In particular, the appendix includes the July 16, 2021 Declaration of Parker County Jail Warden Ron King, along with nine exhibits attached. App. King Decl.5-8; App. Exhibits 9-17, ECF No. 33. King recites the administrative grievance procedure at the Parker County Jail, recites the particular facts related to Greer's attempts to exhaust, and provides exhibits directly related thereto. *Id.*

Greer failed to provide any summary judgment evidence in response to the summary judgment motion. Greer declared that both his complaint and more definite statement were each stated "under penalty of perjury." Compl. 5, ECF No. 1; MDS 4, ECF No. 13. Thus, although these documents could be reviewed as summary judgment evidence, neither pleading contains facts related to the exhaustion of administrative remedies. *See, e.g.*, *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1989) (noting that the statutory exception in 28 U.S.C. § 1746 permits unsworn declarations to substitute for an affidavit if made under penalty of perjury and verified as true and correct") The Court construed Greer's document (ECF No. 34) as a response to the summary judgment motion and considered the allegations in that document, as well as the declaration attachment.

## SUMMARY JUDGMENT STANDARD

When the record establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," summary judgment is appropriate. FED. R. CIV. P. 56(a). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To show a particular fact is not genuinely in dispute, a defendant movant must: (a) cite to particular parts of materials in the record (e.g., affidavits, depositions, etc.), or (b) show either that (1) the plaintiff cannot produce admissible evidence to support that particular fact, or

3

(2) if the plaintiff has cited any materials in response, show that those materials do not establish the presence of a genuine dispute as to that fact. FED. R. CIV. P. 56(c)(1). Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* FED. R. CIV. P. 56(c)(3). Nevertheless, Rule 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment. . . ." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992). Instead, parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (other citation omitted)). In evaluating whether summary judgment is appropriate, the Court "views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). "After the non-movant [here, plaintiff Greer] has been given the opportunity to raise a genuine factual [dispute], if no reasonable juror could find for the non-movant, summary judgment will be granted." *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

    Nevertheless, a motion for summary judgment for failure to exhaust is treated slightly differently. *See, e.g., Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010). "Exhaustion resembles personal jurisdiction and venue in that it is an affirmative defense that allows defendants to assert that plaintiffs have not invoked the proper forum for resolving a dispute." *Id.* at 272 (citing *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008)). Stated differently, exhaustion of administrative remedies is a "rule of judicial administration" that is akin to doctrines like 'abstention, finality, and ripeness . . . that govern the timing of federal court decision making.'" *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (other citation omitted)). Since exhaustion of administrative remedies is a "threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, we conclude that judges may resolve factual disputes concerning

4

exhaustion without the participation of a jury." *Id.* (citation and footnote omitted).

## SUMMARY JUDGMENT ANALYSIS

### A. Prison Litigation Reform Act ("PLRA") Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted). The Supreme Court has described the PLRA exhaustion provision as a "mandatory exhaustion" statute and has "reject[ed] every attempt to deviate . . . from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.") (citing *Porter*, 534 U.S. at 524). The only "textual exception to mandatory exhaustion" in the PLRA is the "availability" of administrative remedies. *Ross*, 578 U.S. at 642. To determine what remedies are "available," and thus must be exhausted, courts look to "the applicable procedural rules . . . defined . . . by the prison grievance process itself." *Jones*, 549 U.S. at 218. Administrative relief is "available" so long as the prison administrator has the authority to take some "action in response to a complaint," even if that relief does not provide the precise "remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736 and n.6 (2001) ("An inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). As a result, "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross*, 578 U.S. at 639; *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (recognizing that "district courts have no discretion to excuse a prisoner's failure to

5

properly exhaust the prison grievance process before filing their complaint" and "have no discretion to waive the PLRA's pre-filing exhaustion requirement"). The Fifth Circuit has taken a strict approach to the exhaustion requirement. *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015) (quoting *Dillon*, 596 F.3d at 268) ("[P]risoners must not just substantially comply with the prison's grievance procedures, but instead must 'exhaust available remedies properly.'") The Fifth Circuit has also recognized that "[w]hen a defendant asserts the defense of lack of exhaustion, the district court should rule on [the exhaustion] issue before allowing the case to proceed to the merits. *Nottingham v. Finsterwald*, 582 F. App'x 297, 297-98 (5th Cir. 2014) (citing *Dillon*, 596 F.3d at 272-73)). And exhaustion must have occurred *before* the lawsuit is filed. *Gonzalez*, 702 F.3d at 788 ("[T]he case must be dismissed if available administrative remedies were not exhausted."); *see also Covarrubias v. Foxworth*, No. 6:13-CV-812, 2017 WL 1159767, at *3 (E.D. Tex. Mar. 29, 2017) (looking to whether administrative remedies had been exhausted "at the time of the filing of the original complaint" rather than any amended complaint). Also, when a prisoner "can no longer comply with the exhaustion requirement, because the deadline for completing the administrative remedy has passed, the court may dismiss the suit with prejudice." *McCoy v. Zook*, No. 3:20-CV-1051-B(BT), 2021 WL 811854, at * 6 (N.D. Tex. Feb. 11,2021), *rep. and rec. adopted*, 2021 WL 807249 (N.D. Tex. Mar. 3, 2021) (citing *Johnson v. La. Dep't of Pub. Safety & Corr.*, 468 F.3d 278, 280-81 (5th Cir. 2006) (per curiam); *Howard v. Gensil*, Civ. No. H-13-105, 2013 WL 6440952 at *2 (S.D. Tex. Dec. 9, 2013) ("Because the deadlines for administrative remedies have passed, the action is properly dismissed with prejudice.") Courts are not "to inquire whether administrative procedures 'satisfy minimum acceptable standards' of fairness and effectiveness"; rather, "prisoner[s] must exhaust such administrative remedies as are available, whatever they maybe." *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (per curiam) (citing *Booth*, 532 U.S. at 740 n.5 and *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

### B. Application of Parker County Jail Exhaustion Procedures to Greer's Record

The grievance procedure at the Parker County Jail allows an inmate to file a grievance to bring a problem to the attention of staff; to appeal a specific action such as disciplinary sanction; or to address health care related issues App. King Decl. ¶ 5, ECF No. 33.[1] An inmate can grieve an alleged violation of civil rights; a criminal act by an inmate or staff; an unjust denial or restriction of inmate privileges; or a prohibited act by facility staff. *Id*. The grievance procedure is included in the Inmate Handbook that every inmate receives. Greer received an Inmate Handbook at the time of book-in. App. King Decl. ¶¶ 3–4; App. Ex. 9, ECF No. 33.

Inmates may attempt to resolve an issue informally prior to initiating the formal administrative grievance process App. King Decl. 6, ¶ 5. Informal grievances must be voiced to a staff member within five days of the grievance issue. *Id*. The formal grievance process requires written grievances. *Id*.

The formal grievance procedure at the Parker County jail consists of two steps: Step 1 and Step 2. *Id*. ¶ 6. An inmate must complete and file a written Step 1 grievance within fifteen days after an incident has occurred. *Id*. An offender may only file a grievance for himself, and only one grievance may be filed at a time for a single incident or item of concern. *Id*. Once the inmate completes the grievance, the inmate will be allowed to place it in the facility grievance box. *Id*. A written response will be given to the inmate after the grievance is investigated. *Id*.

For Step 2 review, if an inmate is not satisfied with the decision reached at Step 1, the inmate must then file an appeal to the Warden. *Id*. ¶ 7. At the Parker County Jail, the Warden reviews Step 2 appeals. *Id*. The Step 1 Grievance Forms have the instructions to appeal included on the form itself. *Id*.; App. Ex. 12, ECF No. 33. An inmate must request a Step 2 grievance form, attach the completed Step 1 form along with additional documentation if necessary, and submit the Step 2 form to the grievance coordinator. *Id*. The Step 2 appeal must be filed within

---

[1]The Court's citations to the Appendix will use the page numbers assigned to the pages by the ECF system.

five working days after notice of the decision on the Step 1 grievance. *Id.* ¶ 7. The justification for the appeal must be identified on the Step 2 form. *Id.* The Warden then decides on the appeal and replies to the inmate who initiated the grievance. *Id.* The Warden's decision is final.

After book-in at the Parker County Jail in October 2018, Greer submitted two Step 1 grievances, but no Step 2 appeals, timely or otherwise. App. King Decl. 6, ¶ 8, ECF No. 33. Greer filed an undated Step 1 grievance No. 190530PAR37 in early May 2019, complaining of the alleged excessive force incident concerning Harris. App. King Decl. ¶¶ 9-10; Grievance Ex.12-13, ECF No. 33. The response, dated May 3, 2019, stated that staff assisted Greer by notifying him of his uncle's death, and would have provided phone calls and special visits. *Id.* Grievance Ex. 12. Greer was advised that the officers could not tolerate any type of violence by pounding and hitting the window or refusing to follow verbal directives. *Id.* Greer was also advised that "no MMA moves are used here at the Jail." *Id.* Grievance Ex.12; App. King Decl. ¶ 10, ECF No. 33.

Warden King's declaration notes that though he reviewed the Jail's grievance log, Greer filed no Step 2 appeal to Grievance No. 190530PAR37 within five working days of May 3, 2019. App. King Decl. ¶ 10, ECF No. 33. Greer did, however, file another Step 1 grievance complaining of a different issue after the deadline to file a Step 2 grievance to appeal Grievance No. 190530PAR37. *Id.* That separate Step 1 grievance (No. 190530PAR05) complained of an unrelated issue, unsanitary conditions, on May 29, 2019. App. King Decl. ¶ 11, Step 1 Grievance 14, ECF No. 33. The Response to that separate Step 1 grievance stated that the issue regarding lack of toilet paper had been resolved and Greer did not file an appeal. *Id.*

The copies of grievances provided by Harris in the appendix demonstrate that Greer knew how to use the grievance procedures. Greer should have and could have timely grieved the April 9, 2019 excessive force issue, but he did not. The provided records and Declaration of current Parker County Jail Warden Ron King show that Greer did not exhaust his administrative remedies for any claim asserted in this lawsuit by timely filing a Step 1 grievance and then timely appealing with a Step 2 grievance.

8

### C. Greer's Response to Harris's Claim of Lack of Exhaustion

As noted above, Greer filed a response to Harris's summary judgment motion, and therein Greer raises several allegations. Summ. J. Resp.1-9, ECF No. 34. Greer does not dispute that a two-step procedure was in place. *Id*. at 2-4.[2] Instead, he claims that he was not given a Step 2 form; so, instead, he filed another grievance regarding toilet paper. *Id*. at 4. Greer claims in his response that he filed the Step 1 concerning toilet paper instead of a Step 2 for his excessive force grievance because he did not have the proper form. *Id*. at 4, ECF No. 34. By making this assertion, however, Greer admits that he did not complete the grievance process. And Greer has provided no summary judgment evidence that shows he attempted to bring the lack of a Step 2 grievance form to the Warden's attention. Any prisoner can argue after the fact that he didn't have the correct form. But this does not equal exhaustion. *See Simkins v. Bridges*, 350 F. App'x 952, 953 (5th Cir. 2009) (upholding dismissal for lack of exhaustion where prisoner did not appeal denial of his initial grievance as required); *see also Garrett v. Partin*, No. Civ. A. 6:05-CV-493, 2006 WL 2655980, at *4 (E.D. Tex. Sept. 14, 2006) ("Plaintiff never made any effort to file a Step 2 grievance. He did not endeavor to substantially comply with the grievance procedures."); *and Perez v. Hudson*, Civ. A. 5:08-CV-161, 2009 WL 1922574, at *9 (E.D. Tex. July 1, 2009) (exhaustion requirement not satisfied where inmate admitted he did not file Step 2 grievance because he believed it was unnecessary to do so) (citing *Palermo v. Miller*, 196 F. App'x 234 (5th Cir. 2006) (per curiam)).

Greer should have appealed grievance No. 190530PAR37 in some fashion, regardless of if he had to at least change the Step 1 form. *See Huff v. Neal*, 555 F. App'x 289, 294-95 (5th Cir. 2014) ("[The inmate's] argument that he relied on the Warden's order of an investigation . . . does not serve to excuse his untimely filing of his grievance in the face of a clear . . . deadline to file a formal grievance.") (quoting *Johnson v.*

---

[2] Greer points out in his response that he alleged in his complaint that the use of force occurred on April 24, 2019, but that Warden King's declaration states April 9, 2019. Summ. J. Resp. 5, ECF No. 34. The actual grievance mentions April 9, 2019. App. Grievance Ex. 12, ECF No. 33. Regardless of the actual date of the alleged excessive force, however, Greer admits that he did not file a Step 2 appeal even if his Step 1 was timely. Summ. J. Resp. 4, ECF No. 34.

9

*Ford*, 261 F. App'x 752, 757 (5th Cir. 2008)); *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (holding that a procedurally defective Step-2 appeal fails to satisfy exhaustion requirement) (per curiam). Greer also argues in his response, for the first time, that correctional officers are not inclined to provide grievance forms so that a prisoner can file a complaint against them. Summ. J. Resp. 4-5, ECF No. 34. No credible evidence shows that Greer attempted to bring this concern to Warden King's attention. "A party's self-serving and unsupported claim . . . is not sufficient to defeat summary judgment . . . ." *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000). If this is a futility argument, it also fails. Courts may not read a "futility" exception into the exhaustion requirement. *Gordon v. Pettiford*, 271 F. App'x 464, 464 (5th Cir. 2008) (citing *Booth*, 532 U.S. at 739–41 & n.6); *Perez*, 2009 WL 1922574, at *9.

Greer also raises claims in his response that he suffered from a mental disorder and that officers were not trained to handle patients with mental disorders. Summ. J. Resp. 2, ECF No. 34. If Greer is now arguing he was excused from exhaustion due to a fear of retaliation or, possibly, mental health issues, both are insufficient. Courts generally do not favor accepting excuses for failing to exhaust administrative remedies. *See Ferrington v. La. Dep't of Corr.*, 315 F.3d 529, 532 (5th Cir. 2002) (finding that prisoner's blindness did not excuse him from exhaustion requirement). Also, a generalized fear of retaliation is an insufficient excuse considering the Fifth Circuit's strict approach to the PLRA exhaustion requirement. *Huff*, 555 F. App'x at 295; *Rose v. Sherman*, No. 5:12-CV-239-C, 2015 WL 13261882, at *4 (N.D. Tex. Apr. 16, 2015) (by not filing grievance, plaintiff failed to sufficiently alert prison staff to alleged threat by guard, as required by the PLRA, and claims were dismissed for failure to exhaust administrative remedies); *see also Butler v. Young*, No. 6:18-CV-154, 2019 WL 1104986, at *4 (E.D. Tex. Jan. 30, 2019) (claims of fear and exigent circumstances are not exceptions to exhaustion requirement) (citing *McMillian v. Dir., TDCJ–CID*, 540 F. App'x 358, 2013 WL 5345351 (5th Cir. 2013) (per curiam) (failure to completely exhaust prior to filing cannot be excused, even where plaintiff was subjected to abuse in the meantime)), *rep. and rec. adopted*, 2019 WL 1098512 (E.D. Tex. Mar. 8, 2019).

10

Greer admits that he separately invoked the grievance process to complain about toilet paper after filing his Step 1 grievance on the issues later raised in this case. Summ. J. Resp. 4, ECF No. 34. There is no reason Greer could not have filed a Step 2 appeal at that time or filed another Step 1 stating that he did not have access to the correct Step 2 form. Greer's purported "excuses" for failing to exhaust fail to rebut the evidence that he did not complete the exhaustion process.

### D. Greer has not Raised a Question of Material Fact on Exhaustion

The Declaration from the Warden at the Parker County Jail conclusively establishes that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit. "All agree that no unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 219–20. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Woodford v. Ngo*, 548 U.S. 81, 95 (2006). Assertions that the available procedures are inadequate or overly complicated are insufficient to excuse the exhaustion requirement. *Alexander*, 351 F.3d at 630 ("The evidence . . . shows that grievance procedures were available . . . and that he . . . failed to pursue them.").

Competent summary judgment shows a mandatory written grievance procedure at the Parker County Jail, and that Greer was aware of the procedures. *See Brown v. Burnett*, No. Civ. A. 6:09-CV-156, 2010 WL 1997777, at *4 (E.D. Tex. May 17, 2010) (citing *Veloz v. New York*, 339 F. Supp. 2d 505, 516 (S.D.N.Y. 2004) ("Plaintiff was most assuredly keenly aware of the grievance process.")). Greer is no longer housed at the Parker County Jail. Moreover, as Plaintiff complains of incidents that occurred in 2019, and he never timely filed a Step 2 grievance, he is now time barred from filing any grievance even if he were still detained at the Parker County Jail. *See Blake v. McCormick*, No. 5:06-CV-273, 2007 WL 1671732, at *5 (E.D. Tex. June 8, 2007) ("[T]he deadlines for the Plaintiff to pursue his Step Two grievances have expired, [so] he cannot effectively exhaust his administrative remedies at this late date."); *Garrett*, 2006 WL 2655980, at *4 ("Moreover, since the Plaintiff cannot exhaust his administrative remedies at this late date, the case should be dismissed with prejudice.")

11

For these reasons, the Court concludes that is entitled to summary judgment and dismissal of all Greer's remaining claims with prejudice.

## MOTION FOR LEAVE TO AMEND

As noted, Greer has filed a motion for leave to amend his complaint after the filing of Harris's motion to dismiss or for summary judgment. Although the Court previously struck an earlier amended complaint without prejudice to Greer's right to seek leave to amend after Harris re-filed a dispositive motion (ECF No. 30), because of the assertion by Harris of the defense of lack of exhaustion and applying the specific factors to be considered in review of a motion for leave to amend, the Court finds that Greer's request to further amend must be denied for the reasons stated below.

### A. Failure to Provide a Proposed Amend Complaint

The Court notes first that Greer's Motion for Leave to Amend Complaint wholly fails to provide a proposed amended complaint as an exhibit to the motion for leave as required by the local rules. See N.D. TEX. L.R. 15.1(a). Crawford's failure to provide and attach a proposed amended pleading alone would be sufficient reason to deny the motion for leave to amend. *See generally Nolasco v. CitiMortgage, Inc.*, No. Civ. A. H-12-1875, 2012 WL 3648414, at *7 (S.D. Tex. Aug. 23, 2012) ("Nolasco does not present the court with the manner in which a second amended complaint would permit her claims to survive nor a proposed amendment.") (citing *U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). But even engaging a review of the motion for leave to amend without a separate pleading, however, the Court finds that Greer's motion for leave to amend must be denied.

### B. Standard for Amendment of Pleadings

Federal Rule of Civil Procedure 15 provides that a pleading may be amended once as a matter of course within 21 days of serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading, or 21 days after service under Rule 12(b), (e), or (f), whichever is earlier. *See* FED. R. CIV. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.

Although Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a lenient standard, "leave to amend is 'by no means automatic.'" *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A 1981)). "[T]he decision to grant or deny leave to amend lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). "'Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment.'" *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) (quoting *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012)).

### C. Proposed Amended Complaint is Futile

As noted, Harris moved for summary judgment on the basis that Greer failed to exhaust administrative remedies at the Parker County Jail. Mot. Summ. J. 8-14, ECF No. 32. Greer then filed a Motion for Leave to Amend. In the Motion for Leave to Amend, Greer alleges that he filed a timely Step 1 grievance complaining of Warden Harris's use of force. Mot. Leave Amend 5, ECF No. 35. He also admits that he did not have a Step 2 grievance form to file an appeal, so he filed a different Step 1 grievance complaining of a lack of toilet paper. *Id.* Plaintiff's motion for leave thus acknowledges no filing of a Step 2 grievance as to the issues made the basis of this suit. *Id.* These undisputed facts show that Greer did not file a Step 2 appeal to complete the grievance process as required by the PLRA.

The Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. The "PLRA pre-filing exhaustion requirement is mandatory and non-discretionary." *Gonzalez*, 702 F.3d at 787. The King Declaration and grievance records presented by Defendant Harris confirm that Greer did not exhaust his available administrative remedies before filing suit. App.5-17; ECF No. 33. As such this court has no discretion to excuse Greer's failure to exhaust before filing the suit. *See Jackson v. Carrizales*, No. 2:18-CV-078-Z-BR, 2021 WL 3783353, at *4 (N.D. Tex. July 7, 2021) (similar grant of summary judgment where

13

inmate failed to show evidence of exhaustion), *rep. and rec. adopted*, 2021 WL 3784267 (N.D. Tex. July 27, 2021).

Greer's failure to exhaust administrative remedies is an "incurable" defect. *See Nolasco*, 2012 WL 3648414, at *7 (noting that Plaintiff's claims failed not due to a lack of specificity or clarity, but as a matter of law). In the recent *Jackson* case arising in this district where the Court granted summary judgment for lack of exhaustion, the Court also denied Plaintiff's motion for leave to amend. *See Jackson*, 2021WL 3783353, at *5 ("[A]mending these claims will not cure the deficiency of the current claim or Plaintiff's acknowledgment that he failed to exhaust his administrative remedies prior to filing suit in this instance.") Greer's amended complaint is similarly futile because even if were allowed to restate his claims he would not be able to cure the lack of exhaustion. *See Kron v. Tanner*, No. Civ. A. 10-518, 2010 WL 2038168, at *1 (E.D. La. May 20, 2010) ("It is evident from the face of the motion that plaintiff has not yet fully exhausted his administrative remedies with respect to the claims arising out of the March 27 incident. Because those claims would therefore be subject to dismissal pursuant to § 1997e(a), leave should be denied on the ground that the proposed amendments would be futile.") (citation omitted); *Brown v. U.S. Justice Dep't*, No. 04-379, 2007 WL 2811635, *13 (W.D. Pa. Sept. 24, 2007) ("As Plaintiff has not exhausted his administrative remedies in accordance with the mandates of the PLRA, amending the complaint to add this claim would be futile."), *aff'd*, 271 F. App'x 142 (3d Cir. 2008). Greer's proposed motion for leave to amend complaint is thus futile and must be denied. *See DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1969) ("Where a complaint, as amended, would be subject to dismissal, leave to amend and not be granted.")[3]

---

[3]As Greer has not overcome that the defense of failure to exhaust is a defect that is not curable, the Court need not further address the futility of his proposed amendment. Alternatively, Greer's proposed amended claims of a procedural defect, medical deliberate indifference, and for declaratory relief are alternatively futile for the reasons stated in Harris's response to the motion for leave to amend. Resp. Mot. Amend 4-7, ECF No. 45.

## ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint (ECF No. 35).

Further, the Court **GRANTS** Defendant Harris's Motion for Summary (ECF No. 32). Accordingly, the Court ORDERS that all of Plaintiff Greer's remaining claims against Defendant John Harris are **DISMISSED with prejudice**.[4]

**SO ORDERED** on this **8th day** of **February, 2022**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[4] Harris also filed an alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 32. Because all remaining claims in this case must be dismissed on the basis of lack of exhaustion, the Court does not reach the arguments in the motion to dismiss.